David J. Williams (CA State Bar No. 236919)
  E-Mail: dwilliams@mabr.com
MASCHOFF BRENNAN
100 Spectrum Center Drive, Suite 1200
Irvine, California 92618
Telephone:  (949) 202-1900
Facsimile:   (949) 453-1104

Larry R. Laycock (*Pro Hac Vice* Forthcoming) Utah Bar No: 4868
  E-Mail: llaycock@mabr.com
Trevor L. Clark (*Pro Hac Vice* Forthcoming) Utah Bar No.: 16798
  E-Mail: tclark@mabr.com
MASCHOFF BRENNAN
111 South Main Street, Suite 600
Salt Lake City, Utah 84111
Telephone: (435) 252-1360
Facsimile: (435) 252-1361

Attorneys for Plaintiff Sundesa, LLC, a Utah limited liability company

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| SUNDESA, LLC, a Utah limited liability company,<br><br>        Plaintiff,<br><br>    v.<br><br>IQ FORMULATIONS, LLC, a Florida limited liability company, d/b/a Metabolic Nutrition,<br><br>        Defendant. | Case No.<br><br>**COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND A JURY TRIAL** |

**COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND A JURY TRIAL**


Plaintiff Sundesa, LLC, a Utah limited liability company ("Sundesa"), by and through its undersigned counsel, Maschoff Brennan, hereby complains against defendant IQ Formulations, LLC, a Florida limited liability company, d/b/a Metabolic Nutrition ("Metabolic Nutrition"), and in support thereof, states as follows:

## THE PARTIES

1. Sundesa is a limited liability company duly organized and existing under the laws of the State of Utah, with its principal place of business located at 250 South 850 East, Lehi, Utah 84043.

2. Sundesa alleges Metabolic Nutrition is a limited liability company organized and existing under the laws of the State of Florida with its principal place of business located at 10151 NW 67th Street, Tamarac, Florida 33321.

## JURISDICTION AND VENUE

3. This is a civil action for breach of contract; for patent infringement arising under the patent laws of the United States 35 U.S.C. §§ 1 *et seq.*, including 35 U.S.C. § 271; for false advertising arising under 15 U.S.C. § 1125(a); and for a violation of the California Business and Professions Code arising under Cal. Bus. & Prof. Code § 17500 and § 17200 *et seq*.

4. This Court has original jurisdiction over the subject matter of this action under at least 28 U.S.C. §§ 1331, 1338(a), and 1367.

5. This Court has personal jurisdiction over Metabolic Nutrition consistent with the terms of an agreement (the "Agreement") entered into between Sundesa and Metabolic Nutrition. A true and correct, redacted, copy of the Agreement is attached hereto as Exhibit A and is incorporated herein by this reference.

6. This Court's exercise of personal jurisdiction over Metabolic Nutrition is consistent with the Constitutions of the United States and the State of California.

7. Venue is proper in this United States District Court for the Central District of California consistent with the Agreement between the parties to this lawsuit.

**COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND A JURY TRIAL**

# FACTUAL BACKGROUND

8. Sundesa's technological innovations are protected by, *inter alia*, a portfolio of utility and design patents, including United States Design Patent No. D510,235 (the "'235 Design Patent").

9. Sundesa is an exclusive licensee of the '235 Design Patent and has been granted all rights thereunder, including the right and standing to enforce the '235 Design Patent.

10. Metabolic Nutrition is in the business of manufacturing and selling nutritional supplements, including related fitness products and accessories. In particular, Metabolic Nutrition sells and offers for sale, *inter alia*, shaker cups that look substantially similar to the '235 Design Patent (the "Accused Product"), examples of which appear below:

 

11. Metabolic Nutrition's offer to sell the Accused Product infringes the '235 Design Patent.

12. The Accused Product has no substantial non-infringing uses.

13. The design of the Accused Product is substantially the same as the design that is the subject matter of the '235 Design Patent.

14. Furthermore, the design of the Accused Product is so similar to the design that is the subject matter of the '235 Design Patent that customers are likely to be

deceived and persuaded to buy the Accused Product thinking they are actually buying products protected by the '235 Design Patent.

15. Sundesa and Metabolic Nutrition previously entered into the Agreement the terms of which are included therein on Exhibit A.

16. The Accused Product previously and currently offered for sale on the Metabolic Nutrition website is substantially the same as the design that is the subject matter of the '235 Design Patent.

17. Consumers have been, and are currently, able to purchase a shaker cup from the Metabolic Nutrition website that looks like and/ is substantially similar and/or identical to the Accused Product.

18. The shaker cup that consumers ultimately receive after purchasing from the Metabolic Nutrition website (the "Delivered Product") is different from the Accused Product and by inference, the product described in the '235 Design Patent, examples of which appear below:

  

Accused Product                    Delivered Product

## FIRST CLAIM FOR RELIEF
### Breach of Contract

19. By this reference Sundesa realleges and incorporates the foregoing paragraphs as though fully set forth herein.

3
**COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND A JURY TRIAL**

20. The parties, for valuable consideration, entered into the Agreement, a redacted version of which is attached hereto as Exhibit A.

21. Pursuant to the Agreement, Sundesa did all, or substantially all, of the significant things that the Agreement required of it to do, as outlined therein.

22. In a material breach of the express terms of the Agreement, Metabolic Nutrition has failed to comply with the express terms of the Agreement and engaged in behavior prohibited therein.

23. As a result of Metabolic Nutrition's wrongful actions, Sundesa has been directly damaged in an amount to be proven at trial, including the award of allowable attorneys' fees and costs.

## SECOND CLAIM FOR RELIEF

### Infringement of the '235 Design Patent

24. By this reference Sundesa realleges and incorporates the foregoing paragraphs as though fully set forth herein.

25. Metabolic Nutrition has infringed, and continues to infringe the '235 Design Patent by offering to sell, selling, or importing, in this District, and elsewhere in the United States, the Accused Product, the design of which is substantially the same as the ornamental design of the '235 Design Patent.

26. Metabolic Nutrition's actions constitute infringement of the '235 Design Patent in violation of 35 U.S.C. § 271.

27. Metabolic Nutrition's actions constitute exposing for sale a product protected by the '235 Design Patent in violation of 35 U.S.C. § 289.

28. Sundesa has sustained damages and will continue to sustain damages as a result of Metabolic Nutrition's aforementioned acts of infringement.

29. Sundesa is entitled to recover damages sustained as a result of Metabolic Nutrition's wrongful acts in an amount to be proven at trial.

30. Metabolic Nutrition's infringement of Sundesa's rights under the '235 Design Patent will continue to damage Sundesa's business, causing irreparable harm, for

1  which there is no adequate remedy at law, unless Metabolic Nutrition is enjoined by this
2  Court.
3      31.   Metabolic Nutrition has willfully infringed the '235 Design Patent, entitling
4  Sundesa to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs
5  incurred in prosecuting this action under 35 U.S.C. § 285.
6      32.   Alternatively, Sundesa is entitled to monetary and injunctive relief against
7  Metabolic Nutrition for Metabolic Nutrition's total profits from its sale of the Accused
8  Product under 35 U.S.C. § 289.

### THIRD CLAIM FOR RELIEF
### False Advertising

11      33.   By this reference Sundesa realleges and incorporates the foregoing
12  paragraphs as though fully set forth herein.
13      34.   Based on the foregoing paragraphs, Metabolic Nutrition has made and
14  continues to make false or misleading statements regarding their commercial
15  advertisements of the Accused Product on their website in violation of 15 U.S.C.
16  § 1125(a).
17      35.   Metabolic Nutrition currently offers the Accused Product for sale on their
18  website and fulfills orders of the Accused Product with the Delivered Product.
19      36.   Metabolic Nutrition's commercially advertised Accused Product deceives,
20  or has the capacity to deceive, consumers as to the origin of the Accused product and
21  misrepresents the nature, characteristics, and qualities of the Accused Product because it
22  is substantially similar to the design that is the subject matter of the '235 Design Patent
23  and is different from the Delivered Product.
24      37.   Consumers have been and will be more likely to purchase the Accused
25  Product due to its substantial similarity to the design that is the subject matter of the '235
26  Design Patent.
27      38.   Metabolic Nutrition advertises, and offers for sale, the Accused Product on
28  their website which is available to residents throughout the United States.

1  39. Sundesa has sustained damages and will continue to sustain damages as a
2  result of Metabolic Nutrition's aforementioned acts of false advertising.
3  40. Metabolic Nutrition's false advertising will continue to damage Sundesa's
4  business, causing irreparable harm, for which there is no adequate remedy at law, unless
5  Metabolic Nutrition is enjoined by this Court.
6  41. Sundesa is entitled to monetary and injunctive relief against Metabolic
7  Nutrition for Metabolic Nutrition's total profits, damages sustained and the costs of this
8  action pursuant to 15 U.S.C. § 1117, in an amount to be proven at trial.

## FOURTH CLAIM FOR RELIEF

## Violating the California Business and Professions Code § 17500 *et seq*.

11  42. By this reference Sundesa realleges and incorporates the foregoing
12  paragraphs as though fully set forth herein.
13  43. Metabolic Nutrition is a firm, corporation, or association that has intended to
14  directly dispose of personal property and has directly disposed of personal property,
15  namely the Accused Product, by various methods of advertising, including over the
16  internet, by way of Metabolic Nutrition's website,
17  https://metabolicnutrition.com/collections/accessories/products/orange-shaker-cup.
18  44. In proffering the Accused Product and delivering the Delivered Product,
19  Metabolic Nutrition has engaged in advertising in which they have made statements that
20  are untrue and misleading to the public as part of a plan or scheme with the intent not to
21  sell the Accused Product as advertised.
22  45. Consumers attempting to purchase Metabolic Nutrition's Accused Product
23  ultimately receive the Delivered Product which is substantially different from the
24  Accused Product.
25  46. Metabolic Nutrition knew, or should have known, that their advertising of
26  the Accused Product and delivery of a different product, would be misleading, pursuant
27  to Cal. Bus. & Prof. Code § 17500.
28

47.   Sundesa has sustained damages and will continue to sustain damages as a result of Metabolic Nutrition's aforementioned deceptive and unfair acts.

48.   Sundesa is entitled to injunctive relief under Cal. Bus. & Prof. Code § 17535.

**FIFTH CLAIM FOR RELIEF**

**Violating the California Business and Professions Code § 17200, *et seq*.**

49.   By this reference Sundesa realleges and incorporates the foregoing paragraphs as though fully set forth herein.

50.   Business and Professions Code §§ 17200, *et seq*. define unfair competition to include any "unfair", "unlawful" or "deceptive" business practice.  California's Unfair Competition Law also provides for injunctive relief and restitution for violations.

51.   Metabolic Nutrition has committed unfair and/or unlawful business practices, as described herein.

52.   Specifically, Metabolic Nutrition is a firm, corporation, or association that has intended to directly dispose of or sell personal property and has directly disposed of or sold personal property, namely the Accused Product, by various methods of advertising, including over the internet, by way of Metabolic Nutrition's website, https://metabolicnutrition.com/collections/accessories/products/orange-shaker-cup.

53.   In proffering the Accused Product and delivering the Delivered Product, Metabolic Nutrition has engaged in advertising in which they have made statements that are untrue and misleading to the public as part of a plan or scheme with the intent not to sell the Accused Product as advertised, which constitutes unfair competition as it infringes on Sundesa's product and causes confusion in the marketplace as to Sundesa's product.

54.   Consumers attempting to purchase Metabolic Nutrition's Accused Product ultimately receive the Delivered Product which is substantially different from the Accused Product, which again affects the business of Sundesa.

**COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND A JURY TRIAL**

55. Metabolic Nutrition knew, or should have known, that their advertising of the Accused Product and delivery of a different product, would be misleading and would cause confusion as it relates to Sundesa's product.

56. Pursuant to Business and Professions Code §§ 17200, *et seq*., it is an unfair and unlawful business practice to make false representations in order to induce purchase of product by the false information and/or omissions.

57. Sundesa was harmed by the above described infringing acts, false advertising and the confusion that the same has caused to the marketplace as it relates to Sundesa. Thus, Metabolic Nutrition's unfair and unlawful business practices were a substantial factor in causing Sundesa's harm.

58. As a direct and proximate result of Metabolic Nutrition's conduct, Sundesa has suffered economic losses in an amount to be proven at trial.

59. As a direct and proximate result of Metabolic Nutrition's conduct, Plaintiff was required to retain the services of legal counsel to prosecute this case.

60. Sundesa has reasonably and necessarily incurred legal fees, and Sundesa is informed and believe that she will reasonably and necessarily incur further legal fees in the future, all in an amount to proven at trial.

61. Thus, Sundesa has sustained damages and will continue to sustain damages as a result of Metabolic Nutrition's aforementioned deceptive and unfair acts.

62. Sundesa is entitled to injunctive relief under Cal. Bus. & Prof. Code § 17200, et seq.

## PRAYER FOR RELIEF

Sundesa prays for judgment as follows:

A. A judgment finding Metabolic Nutrition liable for breach of contract;

B. A judgment finding Metabolic Nutrition liable for infringement of the claims of the '235 Design Patent;

C. A judgment finding Metabolic Nutrition liable for violation of § 1125(a) of the Lanham Act, specifically false advertising;

1        D.    A judgment finding Metabolic Nutrition's false advertising under 15 U.S.C.
2  § 1125 has been willful;
3        E.    A judgment finding Metabolic Nutrition's conduct violates the California
4  Business and Professions Code, as described in Cal. Bus. & Prof. Code § 17500;
5        F.    Orders of this Court temporarily, preliminarily, and permanently enjoining
6  Metabolic Nutrition, its agents, servants, and any and all parties acting in concert with
7  any of them, from directly or indirectly infringing in any manner the '235 Design Patent,
8  pursuant to at least 35 U.S.C. § 283;
9        G.    Orders of this Court requiring Metabolic Nutrition to undertake corrective
10 advertising and other actions to remedy the false advertising;
11       H.    Orders of this Court temporarily, preliminarily, and permanently enjoining
12 Metabolic Nutrition, its agents, servants, and any and all parties acting in concert with
13 any of them, from advertising the Accused Product, including over the internet, by way
14 of Metabolic Nutrition's website, pursuant to at least Cal. Bus. & Prof. Code § 17535;
15       I.    An award of damages adequate to compensate Sundesa for Metabolic
16 Nutrition's breach of contract, in an amount to be proven at trial;
17       J.    An award of damages adequate to compensate Sundesa for Metabolic
18 Nutrition's infringement of the '235 Design Patent, in an amount to be proven at trial, or
19 in the alternative, an award of Metabolic Nutrition's total profits under 35 U.S.C. § 289;
20       K.    An award of damages adequate to compensate Sundesa for Metabolic
21 Nutrition's false advertising pursuant to 15 U.S.C. §§ 1117 and 1125, in an amount to be
22 proven at trial;
23       L.    An award of treble Sundesa's damages, pursuant to at least 35 U.S.C. § 284;
24       M.    A declaration that this is an exceptional case and that Sundesa be awarded its
25 attorney fees and expenses, pursuant to at least 35 U.S.C. § 285;
26       N.    An award of Sundesa's costs in bringing this action, pursuant to all
27 applicable state statutory and common law, including at least 15 U.S.C. § 1117 and 35
28 U.S.C. § 284;

1  O. An award of Sundesa's attorney fees, pursuant to all applicable state statutory and common law;

P. Prejudgment interest, pursuant to at least 35 U.S.C. § 284;

Q. Post-judgment interest, pursuant to at least 28 U.S.C. § 1961(a); and

R. For such other and further relief as the Court deems just and equitable.

**DEMAND FOR JURY TRIAL**

Sundesa demands trial by jury on all claims and issues so triable.

DATED: July 25, 2019

Larry R. Laycock
David J. Williams
Trevor L. Clark
MASCHOFF BRENNAN

By: */s/ David J. Williams*
David J. Williams
Attorneys for Plaintiff
Sundesa, LLC, a Utah Limited liability company

**COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND A JURY TRIAL**