David J. Williams (CA State Bar No. 236919)
  *dwilliams@mabr.com*
Trevor L. Clark (Admitted *Pro Hac Vice*) Utah Bar No. 16798
  *tclark@mabr.com*
MASCHOFF BRENNAN GILMORE ISRAELSEN & WRIGHT, PLLC
100 Spectrum Center Drive, Suite 1200
Irvine, California 92618
Telephone:   (949) 202-1900
Facsimile:    (949) 453-1104

Larry R. Laycock (Admitted *Pro Hac Vice*) Utah Bar No. 4868
  *larry.laycock@dentons.com*
DENTONS DURHAM JONES PINEGAR
111 South Main Street, Suite 2400
Salt Lake City, UT 84111
Telephone:   (801) 375-6600
Facsimile:    (801) 655-4743

ATTORNEYS FOR PLAINTIFF TROVE BRANDS, LLC F/K/A SUNDESA, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **TROVE BRANDS, LLC f/k/a SUNDESA, LLC**, a Utah limited liability company,<br><br>    Plaintiff,<br><br>  v.<br><br>**IQ FORMULATIONS, LLC**, a Florida limited liability company, d/b/a Metabolic Nutrition,<br><br>    Defendant. | Case No. 2:19-CV-06467-AB-MAA<br><br>**TROVE BRANDS, LLC f/k/a SUNDESA LLC'S OPENING CLAIM CONSTRUCTION BRIEF**<br><br>**Claim Construction Hearing:**<br><br>Date:  July 16, 2021<br>Time:  10:00 a.m.<br>Judge: Hon. Andre Birotte, Jr.<br>Ctrm:  7B |

**TROVE'S OPENING CLAIM CONSTRUCTION BRIEF**

Pursuant to this Court's Order Granting the Joint Stipulation for Entry of Claim Construction Schedule (Dkt. No. 81) ("Claim Construction Schedule") and this Court's Order Granting the Third Stipulation to Extend Filing Deadlines (Dkt. No. 92), Plaintiff Trove Brands, LLC f/k/a Sundesa, LLC ("Trove") hereby submits the following Opening Claim Construction Brief.

## I.   INTRODUCTION

Defendant IQ Formulations, LLC dba Metabolic Nutrition ("IQF"), has failed to provide Trove with any preliminary claim constructions or supporting extrinsic evidence by the deadline provided in the Claim Construction Schedule. IQF failed to exchange terms for construction on January 15, 2021, to provide Trove with its disclosure of proposed preliminary claim constructions and supporting extrinsic evidence on January 29, 2021, or to contribute to the Claim Construction and Prehearing Statement (Dkt. No. 93) filed on June 1, 2021, pursuant to the Claim Construction Schedule. Accordingly, Trove cannot determine whether the parties agree on any of the verbal descriptions for any of the claimed designs. Because IQF failed to provide Trove with any preliminary claim constructions or supporting extrinsic evidence by the deadline provided in the Claim Construction Schedule, and has failed to challenge any of Trove's claim constructions to date, Trove submits that the Court should adopt Trove's claim construction position—that the claim terms are entitled to their plain and ordinary meaning referring to the drawings of the design patent—without consideration for any alternative constructions that may be provided by IQF hereafter.

## II.   LEGAL PRINCIPLES OF CLAIM CONSTRUCTION

"A design patent is directed to the appearance of an article to manufacture." *L.A. Gear, Inc. v. Thom McAn Shoe Co.*, 988 F.2d 1117, 1123 (Fed. Cir. 1993). Before design patent infringement can be determined, this Court has a duty to construe the claims of the patent. *See Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 679 (Fed. Cir. 2008) (en banc); *see also, Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 979 (Fed. Cir. 1995) (en banc), *aff'd*, 517 U.S. 370, 116 S. Ct. 1384, 134 L. Ed. 2d 577 (1996). A design

1  patent protects the novel ornamental features of the claimed design. *See Oddzon Prods.,*

2  *Inc. v. Just Toys, Inc.*, 122 F.3d 1396, 1405 (Fed. Cir. 1997). "Where a design contains

3  both functional and non-functional elements, the scope of the claim must be construed in

4  order to identify the non-functional aspects of the design as shown in the patent." *Id.*

5      "Design patents are typically claimed as shown in drawings, and claim

6  construction must be adapted to a pictorial setting." *Crocs v. Int'l Trade Com'n*, 598 F.3d

7  1294, 1302 (Fed. Cir. 2010). "Thus an illustration depicts a design better 'than it could be

8  by any description and a description would probably not be intelligible without the

9  illustration.'" *Id.* at 1302–03 (quoting *Dobson v. Dornan*, 118 U.S. 10, 14 (1886)). "'[A]s

10  a rule, the illustration in the drawing views is its own best description.'" *Id.* at 1303

11  (quoting Manual of Patent Examining Procedure § 1503.01).

12      A detailed written claim construction, or verbal description, of design patents is not

13  required. *See Egyptian Goddess*, 543 F.3d at 679. As the Federal Circuit has held, a court

14  is "not obligated to issue a detailed verbal description of the design if it does not regard

15  verbal elaboration as necessary or helpful." *Id.* "[T]he preferable course ordinarily will be

16  for a district court not to attempt to 'construe' a design patent claim by providing a

17  detailed verbal description of the claimed design." *Id.* at 679.

18      **III.   THE ASSERTED PATENT**

19      United States Design Patent No. D510,235 (the "'235 Patent") was filed on

20  September 9, 2003 and issued on October 4, 2005. *See* Ex. 1 ('235 Patent). The asserted

21  patent claims "[t]he ornamental design for a bottle, as shown and described." *Id.*, cl. 1.

22  Figures 1–7 are the illustrations that best provide the description of the design of the '235

23  Patent. *Id.*

24

25

26

27

28

**TROVE'S OPENING CLAIM CONSTRUCTION BRIEF**

## IV.    PROPOSED CLAIM CONSTRUCTIONS

| Term or Phrase | Trove's Construction | IQF's Constructions |
|---|---|---|
| "The ornamental design for a bottle, as shown and described." | The ornamental design for a bottle, as shown and described in Figures 1–7. | None provided. |

Claim 1 of the '235 Patent should be construed to be adapted to its pictorial setting as depicted in its respective drawings. *See Crocs*, 598 F.3d at 132; *see also, Egyptian Goddess*, 543 F.3d at 679. Because the '235 Patent is a design patent, there are no claim "terms" for the Court to construe. Rather, the '235 Patent has a single claim defined by the figures of the patent. *See Apple, Inc. v. Samsung Elecs. Co.*, 786 F.3d (Fed. Cir. 2015), *rev'd and remanded on other grounds*, *Samsung Elecs. Co. v. Apple Inc.*, 137 S. Ct. 429 (2016) (a district court need not exclude unprotected conceptual or functional features from a design patent's protected ornamental scope). In addition, the design patents have no "specifications" as contemplated by the governing rules. *In re Daniels*, 144 F.3d 1452, 1456 (Fed. Cir. 1998) ("It is the drawings of the design patent that provide the description of the invention."); 37 C.F.R. § 1.153.

Trove contends that the key issues for the Court's attention are set forth in *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665 (Fed. Cir. 2008), *Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, 796 F.3d 1312 (Fed. Cir. 2015), and *Sports Dimension, Inc. v. Coleman Co.*, 820 F.3d 1316 (Fed. Cir. 2016), where the Federal Circuit instructed that the scope of a design patent is the overall ornamental impression of what is shown in the design patent's drawings, including aspects of the design that perform functions.

As shown below, Figures 1–7 provide the best description of the design of the '235 Patent:

**TROVE'S OPENING CLAIM CONSTRUCTION BRIEF**

  

*Fig. 1*          *Fig. 2*          *Fig. 3*

Ex. 1, Figs 1–3.

 

*Fig. 4*          *Fig. 5*

Ex. 1, Figs. 4–5.

**TROVE'S OPENING CLAIM CONSTRUCTION BRIEF**



**Fig. 6**



**Fig. 7**

Ex. 1, Figs. 6–7.

Support for these claim constructions is further found in the description of the drawings on the face of the '235 Patent. *See* Ex. 1, Description. The '235 Patent specifically mentions that the features in their respective Figures 1–7 are ornamental. *See* Ex. 1, cl. 1; *Egyptian Goddess*, 543 F.3d at 680.

Additionally, no representations were made during the prosecution of the '235 Patent to contradict the appropriateness of construing the term according to the illustration of the drawings. *See* prosecution history for the '235 Patent (publicly accessible via USPTO's Public Patent Application Information Retrieval at https://portal.uspto.gov/pair/PublicPair); *see also*, *Markman*, 52 F.3d at 979–80 (the intrinsic record includes the claims, the specification, and, if in evidence, the prosecution history); *see also*, *Egyptian Goddess*, 543 F.3d at 680 (the prosecution history bears on the scope of a design patent claim).

Finally, a verbal depiction of the drawings is unnecessary because the '235 Patent does not exclude any features in Figures 1–7 as no broken lines are depicted. *See* Dkt. 40, Ex. B., Figs. 1–7; *Egyptian Goddess*, 543 F.3d at 680; *Contessa*, 282 F.3d at 1378 ("If features appearing in the figures are not desired to be claimed, the patentee is permitted to

show the features in broken lines to exclude those features from the claimed design, and the failure to do so signals inclusion of the features in the claimed design.").

Thus, the drawings best describe the claimed design of the '235 Patent. The '235 Patent should be construed as an illustration of its drawings to mean "the ornamental design for a bottle, as shown and described in Figures 1–7."

## V.   CONCLUSION

For the foregoing reasons, Trove respectfully requests this Court adopt its proposed claim construction and to construe claim 1 of the '235 Patent as "the ornamental design for a bottle, as shown and described in Figures 1–7."

Dated:  June 7, 2021

MASCHOFF BRENNAN GILMORE ISRAELSEN & WRIGHT, PLLC

By:   /s/ Trevor L. Clark
      Trevor L. Clark
      David J. Williams

ATTORNEYS FOR PLAINTIFF TROVE BRANDS, LLC F/K/A SUNDESA, LLC

**TROVE'S OPENING CLAIM CONSTRUCTION BRIEF**

## **PROOF OF SERVICE**

I am a resident of the State of Utah, over the age of eighteen years, and not a party to the within action. My business address is Maschoff Brennan, 111 S Main Street, Salt Lake City, Utah 84111.

On June 7, 2021, I served the foregoing document:

**TROVE BRANDS, LLC f/k/a SUNDESA, LLC'S OPENING CLAIM CONSTRUCTION BRIEF.**

**BY ELECTRONIC SERVICE**: By electronically mailing a true and correct copy through Maschoff Brennan electronic mail system to the e-mail address as stated below:

Marc J. Kesten, P.L.

Marc J. Kesten, Esq.

9220 NW 72nd Street

Parkland, FL 33067

E-mail: marc@kestenlex.com

(*Federal*) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on June 7, 2021, at Salt Lake City, Utah.

/s/ Michelle J. Elliott

**TROVE'S OPENING CLAIM CONSTRUCTION BRIEF**